IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Fletcher Herbert,        )<br>                                                  )<br>                      Plaintiff,        )<br>                                                  )<br>v.                                               )<br>                                                  )<br>Sheriff James Met; Benjamin F. Treaster;  )<br>Athur L. Myers; Daryl Scott Barber; Brian W. )<br>Jeffcoat; Deandre Ball; Datrail Ball,        )<br>                                                  )<br>                      Defendants.   )<br>_____ ) | C/A No.  3:13-262-CMC-PJG<br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, Robert Fletcher Herbert ("Plaintiff"), a self-represented pre-trial detainee, brings this civil action pursuant to 42 U.S.C. § 1983.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.  Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed the Complaint in accordance with applicable law, the court concludes that several of the named defendants should be summarily dismissed.

**BACKGROUND**

Plaintiff makes several allegations concerning the investigation, his arrest, and his pending criminal charges.  (See generally ECF No. 1 at 3-4.) According to the Complaint, Defendant Deandre Ball lied to the Lexington County Sheriff's Department ("LCSD"), causing Plaintiff to lose his job and his home.  Defendant Datrail Ball allegedly also lied to LCSD, causing Plaintiff to lose his job.  According to Plaintiff, employees of Defendant Sheriff Metts[1] racially discriminated against Plaintiff and put him on television, violating his

---

[1] The court observes that Defendant Sheriff James Met is more properly identified as Sheriff James Metts.



right to privacy. Defendant Brian Jeffcoat, a county magistrate, allegedly signed a warrant for Plaintiff's arrest without reviewing the evidence against him, thus violating his Fourth and Fourteenth Amendment rights. Defendant Jeffcoat allegedly also set Plaintiff's bonds at $1,000,000 and $25,000 in violation of his equal protection rights. Plaintiff alleges that Defendant Athur Myers signed three warrants against Plaintiff without reviewing the evidence, thus violating his Fourth and Fourteenth Amendment rights.

Plaintiff contends that Defendants "[r]acially discriminat[ed] and racial[ly] profil[ed]" him, causing him "pain and suffering." (Id. at 3.) Plaintiff further alleges false arrest, false imprisonment, slander, defamation of character, and malicious prosecution. He asks this court to award him monetary damages against each defendant.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the



action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so;

---

[2]  Screening pursuant to § 1915A is subject to this standard as well.

however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." Rehberg v. Paulk, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff's Complaint alleges that Defendants Deandre Ball and Datrail Ball provided false information to the LCSD.  To the extent that Plaintiff attempts to assert a civil rights claim against these defendants, such a claim must fail.  "To implicate 42 U.S.C. § 1983, conduct must be 'fairly attributable to the State.' " DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).  Except in certain circumstances that are not alleged in this case, the action of a private actor does not constitute an action of the state.  Id. at 507-08.  As Defendants Deandre and Datrail



Ball cannot be said to have acted under color of state law as required for a § 1983 claim, Plaintiff fails to state a claim under § 1983 against these private defendants for which relief can be granted.

As to Defendant Sheriff Metts, Plaintiff's § 1983 claim fails because his Complaint does not show that this defendant had any personal participation in the incidents surrounding Plaintiff's arrest. A claim based upon the doctrine of *respondeat superior* does not give rise to a § 1983 claim. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). Moreover, "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 663. As the Iqbal Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." Id. at 677. Indeed, the dissent in Iqbal opined that, "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating . . . supervisory liability entirely." Id. at 693 (Souter, J., dissenting). Moreover, even if the majority in Iqbal did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the instant Complaint fails entirely to plead facts sufficient to go forward on such a theory based on Fourth Circuit precedent. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates).

The Plaintiff's claims against Defendants Jeffcoat and Myers, who are judges, are also subject to dismissal. Judges have absolute immunity from a claim for damages arising out of their judicial actions. See Mireles v. Waco, 502 U.S. 9 (1991) (stating that



judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); Stump v. Sparkman, 435 U.S. 349, 358 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) (dismissing a suit against two Virginia state magistrates); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); see also Faile v. S.C. Dep't of Juvenile Justice, 566 S.E.2d 536, 540-41 (S.C. 2002) (recognizing judicial and quasi-judicial immunity under the South Carolina Tort Claims Act and South Carolina common law).  Absolute immunity is "an *immunity from suit* rather than a mere defense to liability."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Both Defendants Jeffcoat and Myers are county magistrates.  Plaintiff has failed to indicate that the actions by these defendants occurred "in the 'clear absence of all jurisdiction' " or satisfied any recognized exception to the state's application of judicial immunity.  See Stump, 435 U.S. at 357; Faile, 566 S.E.2d at 540-41 (stating that "[j]udges and other officials are not entitled to judicial immunity if:  (1) they did not have jurisdiction to act; (2) the act did not serve a judicial function; or (3) the suit is for prospective, injunctive relief only").  Accordingly, these defendants are absolutely immune from suit for monetary damages, even if their actions were done in error, maliciously, or in excess of their authority.  See Stump, 435 U.S. at 357 n.7; Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005).

*PJG*

## RECOMMENDATION

Accordingly, the court recommends that the Plaintiff's claims against Defendants Deandre Ball, Datrail Ball, Sheriff James Metts, Brian W. Jeffcoat and Athur L. Myers be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 22, 2013
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).